UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| APOLLO UNDERWRITING LTD., | :<br>:<br>: |
| Plaintiff, | Civil Action No. 21-13723 (MCA) (MAH) |
| v. | :<br>: |
| PATS & SONS GENERAL CONTRACT LLC, | :<br>: OPINION |
| Defendant. | :<br>:<br>: |

### I.  INTRODUCTION

This matter comes before the Court by way of Defendant Pats & Sons General Contract LLC's ("Defendant") motion for leave to file a third-party complaint.  Def.'s Mot. for Leave to File Third-Party Compl., June 24, 2022, D.E. 14.  Plaintiff Apollo Underwriting Ltd. ("Plaintiff") opposes the motion.  Pl.'s Resp. in Opp'n, July 5, 2022, D.E. 15.  The Court has reviewed the parties' submissions and, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, decides the instant motion without oral argument.  For the reasons set forth below, Defendant's motion is **denied.**

### II.  BACKGROUND

Plaintiff initiated this subrogation action by filing a Complaint against Defendant on July 16, 2021.  Compl., July 16, 2021, D.E. 1.  Plaintiff seeks to recover insurance proceeds it paid out as a result of a fire at 38 Sunset Place in Bergenfield, New Jersey, a property owned by Plaintiff's insured, 78 Investments LLC.  *Id.* at ¶¶ 2-3, 9, 11.  Plaintiff alleges that sometime before December 29, 2020, 78 Investments LLC hired Defendant to refinish hardwood floors at 38 Sunset Place.  *Id.* at ¶ 7.  Defendant began the project on December 29, 2020.  *Id.* at ¶ 8.  That

same day, a fire occurred at 38 Sunset Place, causing extensive damage. *Id.* at ¶ 9-10. Plaintiff attributes the December 29, 2020 fire and the resulting property damage to Defendant's employees' improper and negligent disposal of materials. *Id.*

Defendant filed an Answer denying the bulk of Plaintiff's allegations on August 6, 2021. Answer, Aug. 6, 2021, D.E. 4. Three months later, on November 22, 2021, the Undersigned entered a Pretrial Scheduling Order instructing the parties to file "[a]ny motion to add new parties or amend pleadings, whether by amended or third-party complaint . . . not later than February 15, 2022." Pretrial Scheduling Order, Nov. 22, 2021, D.E. 8, at ¶ 12. This deadline was subsequently extended to May 31, 2022. Am. Scheduling Order, Mar. 1, 2022, D.E. 9, at ¶ 3. Defendant first sought leave to file a third-party complaint on May 31, 2022. Def.'s Mot. to Amend, May 31, 2022, D.E. 10. The Undersigned denied the motion without prejudice on June 15, 2022, citing Defendant's failure to comply with Local Civil Rule 7.1. *See* Order, June 15, 2022, D.E. 13, at p. 1.

Defendant timely renewed its request by filing the instant motion on June 24, 2022. *See id.* at p. 2 (ordering Defendant to re-file motion by June 24, 2022); Def.'s Mot. for Leave to File Third-Party Complaint, D.E. 14. Defendant seeks leave to file a third-party complaint against 78 Investments LLC and 78 Investments LLC's individual members.[1] Def.'s Br. in Supp., June 24, 2022, D.E. 14-1, at pp. 7-8. The proposed third-party complaint alleges 78 Investments, LLC and its members proximately caused the December 29, 2020 fire by negligently hiring unqualified contractors to perform renovation work (Count One) and shirking their "non-

---

[1] Defendant's proposed third-party complaint identifies Carlos Fontaina as a member of 78 Investments LLC and potential third-party defendant. Exhibit D to Def.'s Mot., D.E. 14-7, at ¶ 3 ("Proposed Third-Party Complaint"). The proposed third-party complaint alleges "two other members of Carlos Fontaina's immediate family" may also be members of 78 Investments LLC. *Id.* at ¶ 4. These possible third-party defendants are fictitiously identified as "Jane Does 1-5." *Id.*

2

delegable duty to provide a safe [p]roject free from unreasonable exposure to fire hazards" (Count Two). *See* Proposed Third-Party Complaint, D.E. 14-7, at p. 9 ¶¶ 5-8, p. 10 ¶¶ 9-18. Defendant further alleges that 78 Investments LLC is an alter ego, which the proposed individual third-party defendants used to commit fraud. *Id.* at pp. 12-13 ¶¶ 19-27. Defendant therefore "seeks to pierce the corporate veil of 78 Investments, LLC" and hold 78 Investments LLC's members individually liable (Count Three). *Id.* at ¶ 27. Plaintiff, as already noted, opposes the instant motion. Pl.'s Resp. in Opp'n, D.E. 15.

### III.  DISCUSSION

Federal Rule of Civil Procedure 14(a)(1) allows defendants to act as third-party plaintiffs and "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." However, "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.*; *see also Spencer v. Cannon Equip. Co.*, Civ. No. 07-02437, 2009 WL 1883929, at *2 (D.N.J. June 29, 2009). Under Federal Rule of Civil Procedure 8(a)(2), a proposed pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "A third-party plaintiff's claim must [also] present a theory upon which the third-party defendant can be liable to the third-party plaintiff under some theory of secondary liability, i.e., indemnification, contribution, or some other theory of derivative liability recognized by relevant substantive law." *Meehan v. Bath Auth., LLC*, Civ. No. 18-17444, 2021 WL 130483, at *1 (D.N.J. Jan. 14, 2021) (quoting *Ronson v. Talesnick*, 33 F. Supp. 2d 347, 356 (D.N.J. 1999)). It is also well-established that "joinder of third-party defendants under Rule 14 is not automatic;" rather, the decision to permit or deny joinder rests entirely within the Court's discretion. *Spencer*, 2009 WL 1883929, at *2 (quoting *Remington Arms Co. v. Liberty Mut. Ins. Co.*, 748 F. Supp. 1057, 1068 (D. Del. 1990)). In determining whether to grant leave to file a

3

third-party complaint, courts generally consider: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." *Meehan*, 2021 WL 130483, at *2 (quoting *Spencer*, 2009 WL 1883929, at *2). Leave to file a third-party complaint may also be denied on the basis of futility. *See Aguirre v. Bergen Marble & Granite, Inc.*, Civ. No. 20-7476, 2021 WL 5918473, at *2 (D.N.J. Dec. 14, 2021).

In this case, Plaintiff contends Defendant's proposed third-party claims are futile. Pl.'s Resp. in Opp'n, D.E. 15, at p. 1. In considering whether Defendant's proposed third-party complaint is futile, the Court utilizes the standard applied to Rule 12(b)(6) motions to dismiss. *Worster-Sims v. Tropicana Ent.*, 46 F. Supp. 3d 513, 516 (D.N.J. 2014). That is, the proposed pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Worster-Sims*, 46 F. Supp. 3d at 516 (recognizing "[c]ourts deem an amendment futile if it fails to state a cause of action"). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the [third-party] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Finally, where, as here, a party alleges fraud, "[that] party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This heightened pleading standard requires Defendant to "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004)).

Before reaching the question of whether Defendant's proposed third-party complaint states a plausible claim, a recitation of New Jersey subrogation law is appropriate. New Jersey

4

jurisprudence defines subrogation as: "[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies or securities." *Liberty Int'l Underwriters Can. v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 326 (D.N.J. 2013) (alteration in original) (quoting *Feigenbaum v. Guaracini*, 402 N.J. Super. 7, 19-20 (App. Div. 2008)). "[I]n a subrogation action[,] an insurer steps into the shoes of its insured." *Am. Fire & Cas. Co. v. Material Handling Supply, Inc.*, Civ. No. 06-1545, 2007 WL 1296200, at *2 (D.N.J. Apr. 27, 2007) (first citing *Montefusco Excavating & Contracting Co., Inc. v. Middlesex Cnty.*, 82 N.J. 519, 523 (1980); and then citing *Dome Petroleum Ltd. v. Emps. Mut. Liab. Ins. Co. of Wis.*, 776 F. Supp. 970, 985 (D.N.J. 1991)). Consequently, Plaintiff's rights "cannot rise higher than those of [its] subrogor," 78 Investments LLC. *Liberty Int'l Underwriters Can.*, 955 F. Supp. 2d at 326 (citing *Feigenbaum*, 402 N.J. Super. at 20). Plaintiff may recover only if 78 Investments LLC likewise could have recovered, and is subject to all of the defenses Defendant has against Plaintiff's insureds. *See id.*; *accord Am. Fire & Cas. Co.*, 2007 WL 1296200, at *2; *Liberty Mut. Fire Ins. Co. v. Harleysville Ins. Co.*, Civ. No. 21-7669, 2022 WL 2870201, at *4 (D.N.J. July 20, 2022).

Plaintiff argues Defendant's proposed third-party claims are futile because of the foregoing principles of subrogation law and the reasoning espoused in *American Fire and Casualty Co. v. Material Handling Supply, Inc.*, 2007 WL 1296200. Pl.'s Resp. in Opp'n, D.E. 15, at pp. 1-3. In that matter, Material Handling Supply ("MHS"), like Defendant in this action, alleged the insureds of subrogee-plaintiff American Fire and Casualty Co. ("American Fire") contributed to and exacerbated the severity of a fire at the insureds' building. *Id.* at *1. MHS consequently moved to join American Fire's insureds as third-party defendants. *Id.* The

Honorable Joel Schneider, United States Magistrate Judge, denied the motion, reasoning joinder of the insureds would "serve[] no purpose" because "MHS c[ould] raise at trial any defenses it ha[d] against [American Fire's] insureds." *Id.* at *2. MHS's motion was also denied on the basis of futility because "an insurance company cannot subrogate against its own insureds[.] . . . The proposed new parties c[ould not] be held jointly liable with MHS to plaintiff because plaintiff ha[d] no independent basis of liability against its own insureds." *Id.* Defendant, in its reply brief, concedes that its efforts to name 78 Investments LLC as a third-party defendant "could be seen as futile" under *American Fire*. Def.'s Reply Br., July 11, 2022, D.E. 16, at p. 1. However, Defendant "do[es] not acquiesce to withdraw[al] of the motion as to 78 Investments, LLC" or 78 Investments LLC's individual members. *Id.* at p. 1, n.1. Defendant instead endeavors to differentiate this matter from *American Fire*.

First, with regard to 78 Investments LLC in particular, Defendant asserts Plaintiff "has repudiated its connection to its insured through the actions of counsel." *Id.* at p. 3. Defendant emphasizes Plaintiff's counsel's refusal (1) to represent 78 Investments LLC member Carlos Fontaina at Fontaina's deposition and (2) to facilitate discovery demands. *Id.* According to Defendant, Plaintiff's counsel "direct[ed D]efendant to subpoena [Plaintiff's] insured for documents." *Id.* Plaintiff argues Defendant's repudiation argument lacks any legal basis. *See* Pl.'s Sur-Reply, July 22, 2022, D.E. 22, at pp. 3-4. Plaintiff explains that it and its subrogor are separate entities with arguably conflicting interests, and "there is simply no doctrine under which a subrogating insurer's attorney takes on the subrogor as a client in the subrogation suit." *Id.* Indeed, "Fontaina already stated on the record he has attorneys at his (and 78's) disposal." *Id.* at p. 4. Plaintiff also contends that it urged Defendant to subpoena Plaintiff's insured because "Plaintiff has no legal control over the insured." *Id.* "A subpoena from Defendant to the insured

6

is the most direct way for Defendant to communicate to the insured exactly which documents it wants, and to show that it has a legal enforcement mechanism should the insured resist." *Id.* at p. 4.

The Court finds no merit in Defendant's arguments. Defendant has provided no case law, court rule, or statute establishing an insurance company-litigant's attorney has an obligation to represent the insurer's subrogor, let alone a responsibility to accept discovery requests on the non-party insured's behalf. Defendant has also failed to cite a single case suggesting the Court can infer repudiation, notwithstanding an insurer's representations to the contrary, and in that way circumvent *American Fire*'s holding. *See* Def.'s Reply Br., D.E. 16, at p. 4. The Court finds, over Defendant's objections, that *American Fire* is on all fours with this matter. As in *American Fire*, Defendant's proposed third-party claims against 78 Investments LLC are futile. 2007 WL 1296200, at *2. 78 Investments LLC cannot be held jointly liable with Defendant to Plaintiff because Plaintiff has no independent basis of liability against its own insured, and is prohibited from subrogating against its own insureds. *Id.*; *Hanover Ins. v. Mi-Jack Prods.*, Civ. No. 17-8299, 2018 WL 4761579, at *2 (D.N.J. Oct. 1, 2018).

Defendant's proposed third-party claims against 78 Investments LLC's individual members are similarly futile. It is well-established that "[a] subrogation action is derivative in nature," and, as already noted, "the insurer acquires whatever rights its insured had." *Am. Fire & Cas. Co.*, 2007 WL 1296200, at *2; *see also Liberty Int'l Underwriters Can.*, 955 F. Supp. 2d at 326. Defendant's motion, at its essence and without sufficient explanation or pleading, asks the Court to find that Plaintiff's insured, 78 Investments LLC, had a cause of action for negligence against its own individual members. The Court declines to do so.

Even assuming such a course were possible, Defendant has not established good cause to grant the instant motion. The New Jersey Limited Liability Company Act provides that "[t]he debts, obligations, or other liabilities of a limited liability company, whether arising in contract, tort, or otherwise . . . do not become the debts, obligations, or other liabilities of a member or manager solely by reason of the member acting as a member or manager acting as a manager." N.J.S.A. 42:2C-30. Moreover, "[t]he failure of a limited liability company to observe any particular formalities relating to the exercise of its powers or management of its activities is not a ground for imposing liability on the members or managers for the debts, obligations, or other liabilities of the company." *Id.* Defendant nevertheless argues the protection afforded to 78 Investments LLC's members by virtue of its status as a limited liability company can and should be abrogated under the doctrine of piercing the corporate veil. Def.'s Br. in Supp., D.E. 14-1, at p. 4; Def.'s Br. in Reply, D.E. 16, at pp. 2-3.

The doctrine of piercing the corporate veil applies only in "extraordinary circumstances," such as "cases of fraud, injustice, or the like." *United Cap. Funding Grp., LLC v. Brick City Brewing, LLC*, Civ. No. 21-3314, 2021 WL 5150197, at *3 (D.N.J. Nov. 4, 2021); *accord State, Dep't of Env't Prot. v. Ventron Corp.*, 94 N.J. 473, 500 (1983). Defendant, as the party seeking to pierce 78 Investments LLC's corporate veil, "bears the burden of proving that the [C]ourt should disregard the corporate entity." *United Cap. Funding Grp.*, 2021 WL 5150197, at *3 (quoting *Corp. Incentives, Inc. v. Unified Safe Guard, LLC*, Civ. No. 20-13471, 2021 WL 2043092, at *2 (D.N.J. May 21, 2021)). This "requires a significant showing," *Torus U.S. Servs., Inc. v. Hybrid Ins. Agency, LLC*, Civ. No. 14-1630, 2015 WL 6445788, at *4 (D.N.J. Oct. 22, 2015), because "[c]ourts are generally unwilling to pierce the corporate veil and hold members personally liable unless the corporation is being used to defeat the ends of justice, to

perpetrate fraud, to accomplish a crime, or otherwise to evade the law," *Rivera v. Lincoln Park Care Ctr., LLC* Civ. No. 12-7432, 2014 WL 29029, at *6 (D.N.J. Jan. 2, 2014) (quoting *Midway Glass & Metal Installers, Inc. v. Constr. Co-Ordinators, LLC*, 2013 WL 5268952, at *4 (App. Div. Sept. 19, 2013)).

> In New Jersey, two elements must be shown to pierce the corporate veil: "First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice."

*State Cap. Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 679 (D.N.J. 2009) (quoting *The Mall at IV Grp. Props., LLC v. Roberts*, Civ. No. 02-4692, 2005 WL 3338369, at *3 (D.N.J. Dec. 8, 2005)). The Third Circuit has considered several non-binding factors in determining whether a unity of interest and ownership exist, including:

> gross undercapitalization . . . "failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders."

*Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir. 1988) (alteration in original) (quoting *Am. Bell Inc. v. Fed. of Tel. Workers*, 736 F.2d 879, 886 (3d. Cir. 1984)). To satisfy the second element, Defendant "need not prove common law fraud," but must "demonstrate that the [proposed individual third-party] defendants, via the corporate form, perpetrated 'a fraud, injustice, or the like,' a less exacting standard." *State Cap. Title & Abstract Co.*, 646 F. Supp. 2d at 679.

Defendant's proposed pleading, accepted as true, does not make the required showings. The proposed third-party complaint includes only conclusory allegations, such as: "On

9

information and belief, the individual Third-party defendants' use of the corporate formation of 78 Investments, LLC was to perpetuate a fraud" and

> Because adherence to the fiction of a separate corporate existence of 78 Investments, LLC would defeat the interest of justice, permit contravention of law and contract, and promote public wrong, the corporate form of 78 Investments, LLC should be disregarded. As a consequence, all assets of 78 Investments, LLC should be deemed assets of the Individual Defendants.

Proposed Third-Party Complaint, D.E. 14-7, at ¶¶ 24-25.  Defendant's threadbare recitals do not establish the extraordinary measure of piercing the corporate veil is warranted, let alone satisfy Federal Rule of Civil Procedure 9(b).  Thus, even if Defendant could bring a third-party claim against 78 Investments LLC's individual members, the instant motion would nevertheless be denied.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion for leave to file a third-party complaint [D.E. 14] is **DENIED.**

*/s Michael A. Hammer*
Hon. Michael A. Hammer,
United States Magistrate Judge

**Dated: August 11, 2022**